**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TANYA BASTIAN | ) | CIVIL ACTION |
| | ) | |
| Plaintiff | ) | |
| v. | ) | NO. 02-CV-4078 |
| | ) | |
| UNUMPROVIDENT CORP. and | ) | |
| PROVIDENT LIFE AND ACCIDENT | ) | |
| INSURANCE COMPANY | ) | |
| Defendants | ) | |

_____

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendants hereby respond to plaintiff's complaint as follows:

1.    Admitted, upon information and belief.

2.    Denied.  UnumProvident Corporation is a corporation organized under the laws of the State of Delaware, with its principal place of business located in Chattanooga, Tennessee. UnumProvident is a non-insurance holding company.  UnumProvident is not an insurance company, is not now and has never been  licensed to sell insurance products, and has never sold or issued an insurance policy.  Provident Life and Accident Insurance Company is an indirect subsidiary of UnumProvident.  UnumProvident has never assumed any liability for insurance policies issued by Provident Life & Accident Insurance Company or for claims under Provident policies.

3.    Admitted.

4.    Denied.  See paragraph 2.

5.    Admitted as to Provident Life & Accident Insurance Company and denied as to UnumProvident Corporation.

6.    Admitted, upon information and belief.

7.     Denied.     The relevant occupational/job duty facts are contained in the administrative record, which speaks for itself.

8.     Admitted with the exception that Provident Life & Accident Insurance Company issued the group voluntary short term disability insurance plan at issue. A true and correct copy of this plan is attached hereto as Exhibit "A".

9.     Admitted with the exception that the operative plan document is attached hereto as Exhibit "A".

10.     Denied. Coverage is defined by the plan document, attached hereto as Exhibit "A", which is a document that speaks for itself.

11.     Denied. Coverage is defined by the plan document, attached hereto as Exhibit "A", which is a document that speaks for itself.

12.     Denied. Further, coverage is and always has been defined by the plan document, attached hereto as Exhibit "A", which is a document that speaks for itself.

13.     Denied. The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

14.     Denied. The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

15.     Denied. The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

16.     Denied. The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

17.     Denied. The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

18.     Denied.  The relevant medical issues/facts are outlined in the administrative record, which speaks for itself.

19.     Denied.  The relevant facts regarding plaintiff's application for disability benefits and her medical condition are outlined in the administrative record, which speaks for itself.

20-29.  Denied.  The handling and evaluation of plaintiff's claim for disability benefits is outlined in the administrative record, which speaks for itself.

## COUNT I:  CONTRACT

30.     Defendants incorporate all prior paragraphs.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

WHEREFORE, defendants request judgment in their favor.

## COUNT II:  NEGLIGENCE

35.     Defendants incorporate all prior paragraphs.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

WHEREFORE, defendants request judgment in their favor.

## **AFFIRMATIVE DEFENSES**

1.      Count II of plaintiff's complaint ("Negligence") is pre-empted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2.      Plaintiff's complaint fails to state a claim upon which relief may be granted.

3.      Plaintiff's claims are barred and/or limited because she is not disabled under the definitions and terms of the applicable short-term disability benefit plan.  A true and correct copy of said plan is attached hereto as Exhibit "A".

4.      Plaintiff's claims may be further barred and/or limited by the terms, conditions, exclusions, and provisions of the short-term disability benefit plan.  See Exhibit "A".

5.      Plaintiff failed to mitigate her damages, if any.

6.      Plaintiff's complaint and claims are both pre-empted and governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

7.      Defendant Provident Life and Accident Insurance Company properly exercised its discretion in determining whether plaintiff was entitled to disability benefits.

8.      At all times defendant Provident Life and Accident Insurance Company complied with its obligations under ERISA.


**DATE:  _____**                    **POST & SCHELL, P.C.**


                                                **BY_____**
                                                     **RICHARD L. McMONIGLE, JR., ESQ.**
                                                     **STEVEN J. SCHILDT, ESQUIRE**
                                                     **Attorneys for Defendants**
                                                     1800 JFK Boulevard – 19th Floor
                                                     Philadelphia, PA   19103
                                                     (215) 587-1000

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the attached Answer with Affirmative Defenses in the foregoing matter has been served/filed this day via regular mail to the following person(s):

Robert M. Knauer, Esquire
143 North Eighth Street
Allentown, PA   18103

**POST & SCHELL, P.C.**

**BY:**_____

       **STEVEN J. SCHILDT**
       **Attorney for Defendants**

**DATE:**_____